FILED

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

2014 OCT 23 P 1: 46

CLERK US DISTRICT COURT
ALEXANDRIA, VIRGINIA

| | |
|---|---|
| SCOTT MCLEAN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Civ. Case No. 1:14cv1398-JCC-IDD |
| | ) |
| CITY OF ALEXANDRIA, | ) |
| a political subdivision of the | ) |
| Commonwealth of Virginia, | ) |
| | ) |
| Defendant. | ) |
| | ) |

## VERIFIED COMPLAINT

1. This case challenges a content-based restriction on speech, alleging that an Ordinance of the City of Alexandria prohibits Plaintiff Scott McLean's First Amendment rights and is therefore unconstitutional both facially and as applied.

2. McLean challenges the validity of section 10-4-13(a) of the Code of Ordinances ("Speech Ordinance") of the Defendant City of Alexandria ("City"), a true and correct copy of which is attached as Exhibit 1, which forbids advertising that a car is for sale while it is parked on any street in the city.

3. Plaintiff McLean seeks a declaratory judgment that the Speech Ordinance is unconstitutional, nominal damages, and preliminary and permanent injunctions to forbid the City from enforcing the Speech Ordinance.

## Jurisdiction and Venue

4. This Court has subject matter jurisdiction of the action pursuant to 28 U.S.C. § 1331 (federal question); § 1343(a)(3) (constitutional violation under color of state law); § 2201 (authorizing declaratory relief); and § 2202 (authorizing injunctive relief). Plaintiff McLean seeks redress pursuant to 42 U.S.C. § 1983 for deprivations, under color of municipal law, of his rights secured under the First and Fourteenth Amendments to the U.S. Constitution.

5. Venue in this judicial district is proper under 28 U.S.C. § 1391(b)(2), because a substantial part of the events or omissions giving rise to the claims occurred and are occurring in this district.

## Parties

6. Plaintiff McLean is a resident of the City. He rents a townhouse on 3804 Brighton Court, Alexandria, Virginia 22305 with three roommates. The townhouse lacks adequate dedicated parking to accommodate all of the renters, but it is located in a residential neighborhood that offers ample on-street parking.

7. Defendant City is a municipality of the Commonwealth of Virginia. A municipality is a "person" subject to suit under 42 U.S.C. § 1983 and can be sued. *See Lake Country Estates, Inc. v. Tahoe Regional Planning Agency*, 440 U.S. 391, 401 (1979) ("But the Court has consistently refused to construe the Amendment to afford protection to political subdivisions such as counties and municipalities, even though such entities exercise a 'slice of state power.'").[1] The City and its agents, including the Alexandria Police Department, are responsible for implementing and enforcing the Speech Ordinance at issue.

## General Allegations

8. The City's Speech Ordinance provides, "No person shall park a vehicle upon any street for the purpose of displaying the vehicle for sale. Any vehicle parked in violation of this subsection shall be illegally parked, and shall be subject to towing . . ."

9. A person who violates the Speech Ordinance is "guilty of a traffic infraction," Sec. 10-4-13(c), and subject to a $40 fine according to section 3-2-354(a)(13) in the City's Code of Ordinances, a true and correct copy of which is attached as Exhibit 2.

---

[1] Additionally, there is no sovereign immunity bar where the complainant seeks injunctive relief. *See Timmerman v. Brown*, 528 F.2d 811, 814 (4th Cir. 1975).

10. On October 5, 2012, McLean placed two standard, store-bought "For Sale" signs in his 2008 Chevrolet Malibu and parked it on Old Dominion Boulevard, near West Glebe Road in Alexandria, about a block away from the townhouse where he lives. Photographs, taken by Mr. McLean, showing the signs as they appeared in the car, are attached hereto as Exhibit 3 and incorporated by reference.

11. Later that day, an officer of the Alexandria Police Department left a parking citation on the windshield of his car. The agent cited McLean for violating the Speech Ordinance and the citation carried a penalty of $40. A true and correct copy of that citation is attached hereto as Exhibit 4.

12. Afraid of receiving more citations, McLean removed the signs from his car when parking it within Alexandria city limits. Between October 8, 2012, and February 6, 2013, he instead advertised his car by parking it each day with the signs showing just outside of Alexandria city limits along South Glebe Road in Arlington. He walked the half-mile between his car and his home whenever he needed to use his car. McLean finally sold his car four months later on February 6, 2013.

13. McLean now wishes to sell his truck, a 2007 Dodge Ram 1500. He would like to advertise it by placing a "For Sale" sign in the truck while it is parked near his home in Alexandria.

14. The message Mr. McLean proposes to communicate through his For Sale sign is truthful, as the sign will advertise to the public that the truck is for sale, will truthfully state the year, make, and model of the truck, and provide information to prospective buyers as to how they can contact Mr. McLean. The message also relates to a lawful transaction, as the purchase and sale of the truck is not prohibited by any City ordinance or other law.

15. Mr. McLean is informed and believes, and on that basis alleges, that if he parks his truck on City streets for purposes of displaying it for sale, he will receive another citation for violating the Speech Ordinance.

16. It would cause a great inconvenience to park his truck in the neighboring jurisdiction in order to advertise his truck. Doing so would, among other things, require him to walk the half-mile to and from the vehicle every time he wants to use the car or to retrieve something from it. Mr. McLean is informed and believes, and on that basis alleges, that it would also diminish the likelihood that his "For Sale" sign would be seen by prospective buyers driving or walking by.

17. The Speech Ordinance prohibits speech based solely on the content of the speech, forbidding anyone from advertising a car for sale, but allowing any and all other types of advertisements in cars parked on the streets. The Speech Ordinance does not ban signs advertising other types of goods for sale, services, or ideas about

politics or values. Thus a person with a "Vote Yes on Measure 1" sign or bumper sticker is not subject to the Speech Ordinance, but a person with an otherwise identical sign advertising a car for sale is. An agent for the City must review the content of the speech to determine whether it falls within the type of speech banned by the Speech Ordinance.

18. The Speech Ordinance does not prohibit blocking traffic or parking a vehicle for too many days in one spot.

### INJUNCTIVE RELIEF ALLEGATIONS

19. Plaintiff hereby realleges and incorporates by reference the allegations contained in Paragraphs 1 through 18.

20. If the City of Alexandria is not enjoined from enforcing the Speech Ordinance, McLean will be irreparably harmed. McLean is now suffering a continuous injury due to the enforcement of the Speech Ordinance, because he is unable to communicate his desire to sell his car by placing a sign on the car.

21. Plaintiff is informed and believes, and on that basis alleges, that if not enjoined by this Court, the City will continue to enforce the Speech Ordinance and thereby abridge Plaintiff McLean's right of free speech. McLean is informed and believes, and on that basis alleges, that the City of Alexandria contends that the Speech Ordinance is constitutional.

22. McLean has no plain, speedy, and adequate remedy at law. Damages are indeterminate or unascertainable and, in any event, would not fully redress McLean's harm.

23. Accordingly, injunctive relief is appropriate.

## DECLARATORY RELIEF ALLEGATIONS

24. McLean hereby realleges and incorporates by reference the allegations contained in Paragraphs 1 through 18.

25. An actual and substantial controversy exists between McLean and the City over the constitutionality of the Speech Ordinance. McLean contends that the Speech Ordinance is unconstitutional. McLean is informed and believes, and on that basis alleges, that the City of Alexandria contends that the Speech Ordinance is constitutional.

26. This case is justiciable now because the City's enforcement of the Speech Ordinance has caused and will continue to cause immediate and concrete injury to McLean by preventing him from exercising his First Amendment right to communicate that his vehicle is for sale. But for the City's enforcement of the Speech Ordinance, McLean would place a "For Sale" sign in his truck's window and park it in the street near his home in Alexandria in order to communicate the message that the truck is for sale.

27. Declaratory relief is therefore appropriate to resolve this controversy.

## CAUSE OF ACTION
### Violation of the Free Speech Clause of the First Amendment, as Incorporated Against Municipalities by the Fourteenth Amendment
### (Pursuant to 42 U.S.C. §1983)
### (Declaratory and Injunctive Relief)

28. McLean hereby incorporates by reference the allegations contained in Paragraphs 1 through 18, 20 through 23, and 25 through 27.

29. The City's Speech Ordinance is a content-based speech restriction that deprives McLean of his First Amendment right to communicate a truthful message to the public about a lawful item for sale. The City maintains the Speech Ordinance under the color or authority of law.

30. Even if the City's Speech Ordinance were content-neutral, it would violate the First Amendment because it does not directly advance any substantial government interest and is overly broad, burdening significantly more speech than is necessary to further any government interests.

31. Placing a "For Sale" sign in a car is the most economical and effective way to describe and advertise the precise car for sale. Accordingly, the Speech Ordinance does not leave adequate alternative channels for car owners to advertise their intent to sell their vehicle.

32. The Speech Ordinance is not a content-neutral time, place, and manner restriction, because it does not limit the style, font, or color of signs or relate solely to aesthetic, or public safety concerns. In addition, the Speech Ordinance relates solely to "For Sale" signs on an automobile that relates specifically to that automobile, but does not restrict any other form of communication in the form of a sign attached to a parked car.

**Prayer for Relief**

WHEREFORE, McLean prays for judgment as follows:

1. For a declaration that the Speech Ordinance on its face and as applied to McLean abridges the freedom of speech protected by the First Amendment, as incorporated by the Fourteenth Amendment, because it impermissibly burdens his protected speech;

2. For a preliminary and permanent prohibitory injunctions forbidding the City of Alexandria and its agents from enforcing, or attempting to enforce, the Speech Ordinance and any subsequently adopted similar ordinances;

3. For nominal damages in the amount of $1;

4. For an award, pursuant to 42 U.S.C. §1988(b), of reasonable attorney fees, expenses, and costs; and

5. For such other relief as the Court deems just and proper.

DATED: October 22, 2014.

Respectfully submitted,

By: /s/ Jason Torchinsky

CHRISTINA MARTIN*
   Fla. Bar No. 0100760
   *Pro Hac Vice Pending
   Pacific Legal Foundation
   8645 N. Military Trail, Suite 511
   Palm Beach Gardens, FL 33410
   Telephone: (561) 691-5000
   Facsimile: (561) 691-5006
   E-mail: cmm@pacificlegal.org

JASON TORCHINSKY
   Va. Bar No. 47481
SHAWN SHEEHY
   Va. Bar No. 82630
   Holtzman Vogel Josefiak PLLC
   45 North Hill Drive, Suite 100
   Warrenton, VA 20186
   Telephone: (540) 341-8808
   Facsimile: (540) 341-8809
   E-mail: jtorchinsky@hvjlaw.com
          ssheehy@hvjlaw.com

*Counsel for Plaintiff*

**VERIFICATION**

~~COMMONWEALTH OF VIRGINIA~~ )
                               ) ss District of Columbia
~~CITY OF ALEXANDRIA~~ )

I, SCOTT MCLEAN, being first duly sworn, state under oath that I have read the foregoing VERIFIED COMPLAINT, and that the statements contained therein are true and correct to the best of my knowledge, information, and belief.

10/16/14
Date

SCOTT MCLEAN

Notary Public
My Commission expires: 5-14-2015

Freida L. Warren
Notary Public, District of Columbia
My Commission Expires 5/14/2015

-10-

Alexandria, Virginia - Code of Ordinances

Sec. 10-4-13 Stopping for purpose of sale, repairs, etc.permanent link to this piece of content

(a) No person shall park a vehicle upon any street for the purpose of displaying the vehicle for sale. Any vehicle parked in violation of this subsection shall be illegally parked, and shall be subject to towing pursuant to section 5-8-22 of this code.

(b) Except as necessitated by an emergency, no person shall perform any repair or maintenance work, including the removal or addition of any fluids, upon a motor vehicle that is stopped or parked on any street, whether public or private, or within any public park, wildlife sanctuary or city-owned parking lot.

(c) A person violating any provision of this section shall be guilty of a traffic infraction and shall be punished by a fine of not more than $100.

(Code 1963, Sec. 22-109; Ord. No. 2965, 9/15/84, Sec. 1; Ord. No. 3765, 12/17/94, Sec. 1)

**Exhibit 1**

Alexandria, Virginia - Code of Ordinances

Sec. 3-2-354 Penalties for uncontested citations.

Any other provisions of this code to the contrary notwithstanding, the penalty for any of the following violations of this code shall, when the citation which was issued for the violation is uncontested, be as follows:

(a) If a payment is tendered to the director of finance within 30 calendar days from the date the citation was issued:

    (13) $40 for a violation of section 10-4-13, "Stopping for purpose of sale, repairs, etc.;"

**Exhibit 2**





**Exhibit 3**

**Parking Citation No. 110041024   Printed on: 04/10/2014 at 2:05 PM        Page 1**

| | | | | |
|---|---|---|---|---|
| Proof of Tag Purchase Req: N | **Citation Information** | | Total Fines: | $40.00 |
| Citation: 110041024 | Date: 10/05/2012 | Time: 15:37 | Total Credits: | $40.00 |
| License: XPK8860 | State: VA | Exp: 09/13 | Amount Due: | $0.00 |
| Make: CHEV | Style: PAS | Color: | Due Date: 11/04/2012 | |
| Violation: FOR SALE / STOPPING FOR PURPOSE ( 10-4-13 | | | Late Fees: | $0.00 |
| VIN: | | Permit: | Collection Fees: | $0.00 |
| Officer: JNASIBI | | Officer ID: 1428 | DMV Fees: | $0.00 |
| Location: 3700 OLD DOMINION BLVD | | | NSF Fees: | $0.00 |
| Remarks: FOR SALE SIGN DISPLAYED | | | Adjud. Fees: | $0.00 |
| | | | Dismissed: | $0.00 |

Agency: POLICE DEPARTMENT         Beat:             Plate Type: PA

**Citation Source Information**

| Creation Date | Legacy Batch ID | Batch ID | Unit Serial # |
|---|---|---|---|
| 10/05/2012 | | AUTOCITE | X3-88633 |

Legacy Microfiche Number

**Registered Owner Information**

Name: MCLEAN, SCOTT, ROY

Address: 3804 BRIGHTON CT, ALEXANDRIA, VA 223051571

Garage Jur: ARIA                              Title Number: 58914690

Other Related Records
    Records Related by   [X]Vehicle   [X]Registered Owner   [X]Permit   Total Due:     $0.00

**Exhibit 4**

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing was filed with the Clerk this 23 day of October, 2014. I further certify that I have arranged for personal service upon the following:

>James L. Banks, Jr., City Attorney
>City of Alexandria
>301 King St., Room 1300
>Alexandria, VA 22314

_____
~~JASON TORCHINSKY~~
Shawn Sheehy

-2-