IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | | |
|---|---|---|
| SCOTT MCLEAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:14cv1398 (JCC/IDD) |
| | ) | |
| CITY OF ALEXANDRIA, | ) | |
| | ) | |
| Defendant. | ) | |

## M E M O R A N D U M   O P I N I O N

The City of Alexandria prohibits parking a vehicle upon any street for the purpose of displaying the vehicle for sale.  City resident Scott McLean claims this prohibition violates the First Amendment to the Constitution.  Recently, the City of Alexandria temporarily suspended enforcement of this prohibition, pending review by the City Council.  The issue now before the Court is whether the City's temporary suspension moots Mr. McLean's claims.  For the reasons discussed in detail below, the Court finds the temporary suspension does not moot Mr. McLean's claims, and therefore, the Court will deny the City of Alexandria's Motion to Dismiss [Dkt. 21].

### I. Background

Plaintiff Scott McLean ("McLean"), a resident of Defendant City of Alexandria (the "City"), wants to sell his 2007 Dodge Ram 1500 pick-up truck by parking it on a City street

1

near his home with a for-sale sign in the window.  (Compl. [Dkt. 1] ¶ 13.) However, section 10-4-13(a) of the City's Code of Ordinances ("the Ordinance") prohibits "park[ing] a vehicle upon any street for the purpose of displaying the vehicle for sale." Any person who violates the Ordinance is guilty of a traffic infraction and may be fined not more than $100.  Alexandria Code of Ordinances § 10-4-13(c).  In fact, when McLean previously attempted to sell a different vehicle in October of 2012 by parking it on a City street near his home, he received a citation that carried a fine, which he paid.  (Compl. ¶¶ 10-11.) To avoid further citations, McLean moved the vehicle less than a mile away to the neighboring jurisdiction of Arlington County, Virginia, where he parked the vehicle on a public street with a for-sale sign displayed until the vehicle eventually sold in February of 2013.  (Id. at ¶ 12.)

McLean filed this action against the City and claims that the Ordinance is an overly-broad, content-based speech restriction that violates his First Amendment right to communicate a truthful message to the public about a lawful item for sale.  (Compl. ¶ 29.)  McLean initially sought a preliminary injunction enjoining the City from enforcing the Ordinance. [Dkt. 4.]  The preliminary injunction was resolved on October 28, 2014, when the City announced it was suspending enforcement of the Ordinance pending a review process that included public

comment,[1] which could take months to complete.[2]   (Def.'s Mem.
[Dkt. 22] at 2; Order [Dkt. 15].)

The City now moves to dismiss the Complaint for lack
of jurisdiction, arguing McLean's claims have been rendered moot
by the City's voluntary suspension of enforcing the Ordinance.
[Dkt. 21.]  McLean opposes the Motion to Dismiss and argues that
because the City's suspension is merely temporary, there is
nothing to prevent the City from enforcing the Ordinance in the
future.  (Pl.'s Mem. in Opp'n [Dkt. 29].)  With briefing and
argument now complete, the Motion to Dismiss is ripe for
disposition.

## II. Legal Standard

"[I]n passing on a motion to dismiss, whether on the
ground of lack of jurisdiction over the subject matter or for
failure to state a cause of action, the allegations of the
complaint should be construed favorably to the pleader."
Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), abrogated on other
grounds by Harlow v. Fitzgerald, 457 U.S. 800 (1982).  A motion
pursuant to Rule 12(b)(1) of the Federal Rules of Civil
Procedure challenges the Court's subject matter jurisdiction

---

[1] Accordingly, the Court has not made any findings regarding the
merits of McLean's claims and need not do so at this juncture.
For purposes of this motion, however, the Court construes the
allegations in the Complaint in McLean's favor.
[2] At the hearing, counsel for the City estimated the City's
review process could last until March of 2015.

3

over the pending action.  Fed. R. Civ. P. 12(b)(1).  "Federal

courts are courts of limited jurisdiction, and we presume that a

cause lies outside this limited jurisdiction.  The burden of

establishing the contrary rests upon the party asserting

jurisdiction."  Wheeling Hosp., Inc. v. Health Plan of the Upper

Ohio Valley, Inc., 683 F.3d 577, 583-84 (4th Cir. 2012)

(citation omitted).  Relevant here, "[a] Court is deprived of

jurisdiction over a case when the case becomes moot."  Williams

v. Ozmint, 716 F.3d 801, 809 (4th Cir. 2013) (citing Iron Arrow

Honor Soc'y v. Heckler, 464 U.S. 67, 70 (1983)) (additional

citation omitted).

### III. Analysis

        The City moves for dismissal, claiming "the injunctive

and declaratory relief that the plaintiff has requested is

clearly moot" because the City has temporarily suspended

enforcement of the Ordinance.  (Def.'s Mem. at 2-5.)  This

argument is unpersuasive.  As counsel for the City conceded at

oral argument, there is a possibility that the City Council will

not repeal the Ordinance and resume enforcement in the future.

Thus, the temporary suspension does not render this case moot,

and the Court will deny the motion.

        "[M]ootness [is] the doctrine of standing in a time

frame.  The requisite personal interest that must exist at the

commencement of litigation (standing) must continue throughout

its existence (mootness)." United States Parole Cmm'n v. Geraghty, 445 U.S. 388, 397 (1980) (quoting Henry Monaghan, Constitutional Adjudication: The Who and When, 82 Yale L.J. 1363, 1384 (1973)).  Relevant to this matter, if a challenged law or ordinance is repealed or expires, the case is moot.  See, e.g., Kremens v. Bartley, 431 U.S. 119, 128 (1977) (finding the case moot after statutes were repealed).

However, repealing the challenged law does not render a case moot if there is a reasonable possibility that the government would reenact the law if the proceedings were dismissed.  See, e.g., City of Mesquite v. Aladdin's Castle, Inc., 455 U.S. 283 (1983).  "The test for mootness in cases such as this is a stringent one.  Mere voluntary cessation of allegedly illegal conduct does not moot a case . . . . A case might become moot if subsequent events made it absolutely clear that the allegedly wrongful behavior could not reasonably be expected to recur."  Id. at 289 n.10 (citations and internal quotations omitted); see also Town of Nags Head v. Toloczko, 728 F.3d 391, 395 n.3 (4th Cir. 2013) (quoting Friends of the Earth, Inc. v. Laidlaw Envtl. Servs., Inc., 528 U.S. 167, 189 (2000)) (internal quotations omitted).  Stated differently, if the Court determines there is a reasonable likelihood the Ordinance could be reenacted or enforced in the future, the case should not be dismissed as moot.

Here, the City admits the suspension of the Ordinance is merely temporary pending further review.  (Def.'s Mem. at 2.) The City even concedes that it could resume enforcement of the Ordinance in the future.  (Id. ("If [the review process] . . . resulted in the ordinance being left in place, there would be a 30 day 'grace period' before any enforcement would resume.").  Even in the face of the Supreme Court precedent discussed above, the City argues that this possibility of future enforcement of the Ordinance does not save McLean's claim from dismissal due to mootness.  In support of this argument, the City primarily relies on two cases:  Williams v. Ozmint, 716 F.3d 801 (4th Cir. 2013) and Rock for Life-UMBC v. Hrabowski, 411 F. App'x 541 (4th Cir. Dec. 16, 2010) (unpublished), cert. denied, 132 S. Ct. 92 (Oct. 3, 2011).  Both cases are distinguishable from the facts and circumstances of this case.

In Williams, a prison suspended a prisoner's visitation privileges for two years after he allegedly violated a prison regulation, but the prison never formally charged him with a violation or held a disciplinary hearing.  716 F.3d at 803-804.  Among other claims, the prisoner sought injunctive relief under 42 U.S.C. § 1983 by asking that his visitation privileges be restored.  Id. at 808.  By the time the Fourth Circuit held oral argument, the prisoner conceded that his visitation privileges had been restored.  Id.  After discussing

6

the mootness doctrine at length, the Fourth Circuit held that the prisoner's claim for injunctive relief was moot because he already received "the relief he . . . sought to obtain through the claim . . . [and] the court no longer has effective relief to offer."  Id. at 809 (quoting Friedman's, Inc. v. Dunlap, 290 F.3d 191, 197 (4th Cir. 2002)) (citations and internal quotation marks omitted).

Here, first, McLean has not received the relief he seeks in the Complaint.  McLean did receive preliminary relief when the City suspended enforcement of the Ordinance, but so far, that is all.  Second, the Court does still have effective relief to offer -- mainly, "a declaration that the . . . Ordinance on its face and as applied to McLean abridges the freedom of speech protected by the First Amendment[.]"  (Compl. [Dkt. 1] at 9.)  This case fits in the narrow exception to the mootness doctrine recognized by the Fourth Circuit.  McLean's claims are not moot because "there is a reasonable expectation that the same complaining party will be subject to the same action again."  Williams, 716 F.3d at 809-810 (quoting Lux v. Judd, 651 F.3d 396, 401 (4th Cir. 2011) (quoting Fed. Election Comm'n v. Wisc. Right to Life, Inc., 551 U.S. 449, 462 (2007))).  Accordingly, a detailed reading of Williams does not render this case moot.

Similarly, Rock for Life does not advance the City's position.  A pro-life student group brought a section 1983 action against the University of Maryland, Baltimore County in relation to their request "to reserve non-academic campus space in order to display a series of posters known as the Genocide Awareness Project (the "GAP display"[3])."  411 F. App'x at 543. After the University denied the student group's request to use a particular space on campus, the student group challenged the University's facilities policy as an unconstitutional restriction of their First Amendment rights.  Id. at 545.  The University subsequently amended the policy and granted the student's group third request to use the particular space on campus that was previously prohibited under the old policy.  Id. at 546.  The Fourth Circuit held that the student group's facial challenge to the constitutionality of the policy was moot, which the student group conceded.  Id. at 550.  But the court also held that the student's group claim for monetary damages under section 1983 for a prior suppression of speech remained alive, even in the face of "permanent remedial measures," like amending the policy at issue.  Id. (citing Covenant Media of S. Carolina, LLC v. City of N. Charleston, 493 F.3d 421, 429 n.4 (4th Cir. 2007)) (additional citations omitted).

---

[3] The GAP display apparently compares abortion to historically recognized forms of genocide.  Id.

Here, unlike the University in Rock for Life, the City has not revised or amended the Ordinance at issue; it has merely suspended enforcement.  McLean has not conceded his constitutional challenge to the validity of the Ordinance, and the Ordinance remains "on the books," even if enforcement has been suspended during the review process.  Regardless, even assuming the Court found that McLean's constitutional challenge to the Ordinance was moot -- to be clear, it has not -- his claims for nominal damages for the prior suppression of speech would remain.  Rock for Life, 411 F. App'x at 550.  Accordingly, McLean's claims are also not rendered moot under Rock for Life.

In conclusion, the Court finds there is a reasonable likelihood the Ordinance could be reenacted or enforced in the future if the Court dismissed this action.  In accordance with the precedent discussed above from both the Supreme Court of the United States and the Fourth Circuit, the Court will not dismiss this case as moot.  See City of Mesquite v. Aladdin's Castle, Inc., 455 U.S. 283 (1983); see also Town of Nags Head v. Toloczko, 728 F.3d 391 (4th Cir. 2013); Williams v. Ozmint, 716 F.3d 801 (4th Cir. 2013); Rock for Life-UMBC v. Hrabowski, 411 F. App'x 541 (4th Cir. Dec. 16, 2010).

### IV. Conclusion

For the foregoing reasons, the Court will deny the City's motion to dismiss.

An appropriate Order shall issue.


_____/s/_____

February 2, 2015                    James C. Cacheris
Alexandria, Virginia        UNITED STATES DISTRICT COURT JUDGE