**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION**

SCOTT MCLEAN,

    Plaintiff,                                      CASE NO. 1:14-CV-1398

v.

CITY OF ALEXANDRIA,

    Defendant.
_____/

**PLAINTIFF MCLEAN'S OPPOSITION
TO CITY OF ALEXANDRIA'S RENEWED MOTION TO DISMISS**

**INTRODUCTION AND
STATEMENT OF THE CASE**

This civil rights lawsuit alleges that the City of Alexandria (City) violated Scott McLean's First Amendment rights pursuant to a provision of the City Code ("Speech Ordinance"), which prohibited the display of a vehicle for sale while parked on a public street, meaning that it was illegal to post a "For Sale" sign on a parked car, until it was repealed on March 14, 2015. It punished violators with a $40 civil fine. This content-based speech restriction violated McLean's First Amendment rights.

On October 5, 2012, McLean was cited and fined under the Speech Ordinance for placing two standard, store-bought "For Sale" signs in his 2008 Chevrolet Malibu while it was parked on Old Dominion Boulevard, near West Glebe Road in Alexandria, about one block from where he lives. *See* Dkt. 1, Plaintiff's Verified Complaint ¶¶ 10-11. McLean paid the $40 fine and took the signs down whenever he parked on Alexandria streets. *Id.* ¶ 12. Starting on October 8, 2012, he instead advertised his car by parking it each day, with the signs showing, just outside of Alexandria

city limits, and then walking the half-mile to his home. *Id*. Four months later, he finally sold his car on February 6, 2013. *Id*.

More than a year later, McLean decided he wanted to sell his truck, a 2007 Dodge Ram 1500. *Id*. ¶ 13. He wanted to place a "For Sale" sign in the truck while it was parked near his home, but could not because of the Speech Ordinance. *Id*. ¶¶ 15-16. On October 23, 2014, McLean filed a lawsuit challenging the Speech Ordinance, seeking both prospective declaratory and injunctive relief and nominal damages and declaratory relief for past harm. *See id*. at Prayer for Relief ¶¶ 1-4. That same day, McLean also filed a Motion for Preliminary Injunction. *See* Dkt. 4.

McLean withdrew his preliminary injunction motion when the City temporarily suspended enforcement of the ordinance on October 28, 2014, ostensibly to decide whether to repeal the law. *See* Dkt. 14, Joint Notice of Cancellation of Hearing at Exhibit 2. Nearly five months later, on March 14, 2015, just five days before this case's final pretrial conference, the City finally repealed the unconstitutional Speech Ordinance. *See* City of Alexandria's Memorandum in Support of Its Renewed Motion to Dismiss at 2.

The City has moved to dismiss McLean's complaint as moot, contending that a justiciable case or controversy no longer exists. *Id*. at 7. The City is mistaken as a matter of law. While the City's action renders McLean's claim for prospective relief unnecessary, his claims for nominal damages and declaratory relief for past harm suffered under the Speech Ordinance remain live.

## STANDARD OF REVIEW

In deciding a Federal Rule of Civil Procedure 12(b)(1) motion to dismiss, the court must accept as true the factual allegations concerning the merits of the complaint. *Kerns v. United States*, 585 F.3d 187, 192 (4th Cir. 2009). "If the defendant challenges the factual predicate of subject

matter jurisdiction" by way of proffered evidence, "'[a] trial court may then go beyond the allegations of the complaint and in an evidentiary hearing determine if there are facts to support the jurisdictional allegations,' without converting the motion to a summary judgment proceeding." *Kerns*, 585 F.3d at 192 (quoting *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982)). The Court may weigh evidence from affidavits, depositions, and live testimony as well as matters of public record to determine whether it has jurisdiction. *Adams*, 697 F.2d at 1219; *White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000).

In considering the Rule 12(b)(1) motion and this response, the Court should take note that the City has failed to present evidence to the Court that contradicts the factual predicate for this case. *See* Dkt. 21, 22, City's Motion to Dismiss and Memorandum in Support. In fact, the City agreed, in both the joint proposed Final Pretrial Order and the Joint (Proposed) Discovery Plan, that the Speech Ordinance forbade McLean from advertising his truck for sale. *See*, Dkt. 35-1, [Joint Proposed] Final Pretrial Order ¶ 4, "Stipulated Facts" ("Scott McLean has a truck that he wants to sell. Section 10-4-13(a) prevents him from posting a 'For Sale' sign in the window of a vehicle while parked on a public street."); Dkt. 20, Joint [Proposed] Discovery Plan ¶ 4 ("The following facts are undisputed: Scott McLean has a truck that he wants to sell. Section 10-4-13(a) states that he cannot post a 'For Sale' sign in the window of a vehicle while parked on a public street."). Therefore, the relevant facts are undisputed and this Court need only decide whether McLean's claim for nominal damages for past violations of his right to free speech remains a live controversy.

# ARGUMENT

## I
## NOMINAL DAMAGES ALONE PROVIDE AN IMPORTANT REMEDY AND SUSTAIN STANDING TO PURSUE A FIRST AMENDMENT CLAIM FOR PAST HARM

A defendant's change in conduct cannot moot a plaintiff's cause of action for damages for past harm. *Buckhannon Bd. & Care Home, Inc. v. W. Virginia Dep't of Health & Human Res.*, 532 U.S. 598, 608-09 (2001); *see also Williams v. Griffin*, 952 F.2d 820, 823 (4th Cir. 1991) (a change of circumstances can moot prospective relief, but a claim for relief for past violation of constitutional rights does not depend upon future changes). If government repeals a constitutionally offensive law, that only renders the claim for prospective relief moot—it does not resolve the past injury for which the plaintiff may be entitled to damages. *Covenant Media of SC, LLC v. City of N. Charleston*, 493 F.3d 421, 428-29 (4th Cir. 2007); *Carey v. Piphus*, 435 U.S. 247, 267 (1978) (cause of action for nominal damages). When government violates an individual's First Amendment rights, he is entitled to at least nominal damages for the past harm. *Comm. for First Amendment v. Campbell*, 962 F.2d 1517, 1526-27 (10th Cir. 1992). "[A]s long as the parties have a concrete interest, however small, in the outcome of the litigation, the case is not moot." *Knox v. Serv. Employees Int'l Union, Local 100*, 132 S. Ct. 2277, 2287 (2012) (quoting *Ellis v. Railway Clerks*, 466 U.S. 435, 442 (1984)).

In *Covenant Media*, *supra*, the Fourth Circuit addressed mootness in a similar situation. Covenant Media had filed a First Amendment challenge to a city ordinance regulating signs. 493 F.3d at 424. Subsequently, the City revised the law to make prospective relief unnecessary, and moved for dismissal. *Id*. The Fourth Circuit held that the claim was not moot, because the plaintiff's nominal damages claim for past injuries remained unredressed. *Id*. The court explained

that if Covenant Media was right that the law violated the First Amendment, then Covenant had "suffered an injury by the City's application of an unconstitutional ordinance that is redressable at least by nominal damages." *Id*. at 429.

Similarly, in *Campbell*, the Tenth Circuit reversed a dismissal of a First Amendment claim, when a claim for nominal damages for past injury remained a live controversy. 962 F.2d at 1526-27. In *Campbell*, a university banned a student organization from showing the movie *The Last Temptation of Christ*. *Id*. at 1519. When the plaintiffs challenged the ban, the university amended its policies and allowed the plaintiffs to show the film. *Id*. The trial court dismissed the lawsuit as moot, but the appellate court reversed, explaining that while the injunctive relief claim was now moot, "the district court erred in dismissing the nominal damages claim which relates to past (not future) conduct." *Id*. at 1526-27.

While it may seem surprising that a plaintiff can sue someone in federal court for one dollar in damages, suits like this are not about money. Rather, these suits vindicate and enforce individual rights under the Constitution. "By making the deprivation of [constitutional] rights actionable for nominal damages without proof of actual injury, the law recognizes the importance to organized society that those rights be scrupulously observed." *Carey*, 435 U.S. at 266. When a party wins nominal damages, "the lawsuit will have determined that the conduct of which the plaintiff complains was in fact unconstitutional, and this determination (rather than an award of money) may be the main point of the litigation." Michael L. Wells & Thomas A. Eaton, *Constitutional Remedies: A Reference Guide to the United States Constitution* 172 (2002). Nominal damages allow citizens to hold government accountable for past violation of constitutional rights. "The primary purpose of nominal damages in these cases is thus to guarantee that a defendant's breach of these

duties will remain actionable regardless of their consequences in terms of compensable damages." *Amato v. City of Saratoga Springs, N.Y.*, 170 F.3d 311, 318 (2d Cir. 1999). In fact, nominal damages are so important to enforcing constitutional rights under Section 1983 claims, that the Supreme Court recognizes that the award of nominal damages alone confers "prevailing party" status upon a litigant. *Farrar v. Hobby*, 506 U.S. 103, 113 (1992); *see also id.* at 121 (O'Connor, J., concurring) ("Nominal relief does not necessarily a nominal victory make.").

## II
## MCLEAN'S CLAIM FOR NOMINAL DAMAGES IS NOT MOOT

A case is moot when there is no live controversy, "mak[ing] it impossible for the court to grant 'any effectual relief whatever' to a prevailing party." *Church of Scientology of California v. United States*, 506 U.S. 9, 12 (1992). McLean's case is not moot, because this Court can still provide a remedy for the past violations of McLean's First Amendment rights. From October, 2012, until February, 2013, Scott McLean could not advertise his car for sale, because he did not want to be fined for exercising his First Amendment rights. Nor was McLean's case an anomaly. The City regularly enforced the Speech Ordinance, issuing 717 tickets from January, 2010, until October 23, 2014, to people who displayed "For Sale" signs in parked cars, amounting to more than $28,000 in fines. *See* attached Alexandria Violation Code Report, Exhibit 8, Defendant's Responses to Plaintiff's Request for Production documents numbered 513-45. Thus for many weeks prior to the lawsuit and for one week after the lawsuit, the City forced McLean to postpone exercising his right to truthfully advertise his truck in the simplest and least intrusive way possible—by posting a sign on it. Plaintiff's Verified Complaint at ¶¶ 13-14.

Because McLean seeks relief for past harm, his claim for nominal damages confers standing, despite the City's recent repeal of the unconstitutional law. *Covenant Media*, 493 F.3d at 428-29;

*Campbell*, 962 F.2d at 1526-27. The City has failed to cite even one case justifying dismissal of a valid claim for past injury under circumstances like these. It relies on *Valero Terrestrial Corp. v. Paige*, 211 F.3d 112, 115 (4th Cir. 2000), but the plaintiff in that case sought only injunctive relief. Here, McLean sought both prospective relief and nominal damages for past injury. *Reyes v. City of Lynchburg*, 300 F.3d 449 (4th Cir. 2002) is also inapposite. There, the court acknowledged that nominal damages may confer standing for past constitutional violations, although it found that the City did not violate the plaintiff's rights. *Id.* at 456, n.10 (due process not violated and First Amendment rights not chilled by City's actions).

The City also cites *Rock for Life-UMBC v. Hrabowski*, 411 Fed. Appx. 541, 551 (4th Cir. 2010), but that case also supports McLean's position, not the City's. In *Rock for Life*, the Fourth Circuit said "an actual chilling of protected speech is a discrete infringement of First Amendment rights that gives rise to a claim under § 1983 for at least nominal damages." *Id*. at 549. The court ultimately reversed the district court's grant of summary judgment for the defendants because, the plaintiffs "demonstrated a triable issue of fact on their as-applied challenge," *id*. at 553, and thus their "cause of action for [past nominal and punitive] damages *remain[ed] live*." *Id*. at 550 (emphasis added). McLean's lawsuit also still is a live controversy, seeking both nominal damages and declaratory relief, because the City's Speech Ordinance chilled McLean's protected speech.[1]

---

[1] Indeed, this Court has already noted that a repeal of the law would not moot the case, explaining, "Regardless, even assuming the Court found that McLean's constitutional challenge to the Ordinance was moot—to be clear, it has not—his claims for nominal damages for the prior suppression of speech would remain." Dkt. 32, Memorandum Opinion at 9.

## CONCLUSION

Because McLean's claims allege an active claim for nominal damages and declaratory relief, relating to past injuries, the City's repeal of its ordinance does not render this case moot. The Court should deny the City's motion to dismiss.

DATED: March 31, 2015.

              Respectfully Submitted,

              By: /s/
              Shawn Toomey Sheehy (VSB No. 82630)
              E-mail: ssheehy@hvjlaw.com
              Jason Torchinsky (VSB No. 47481)
              E-mail: jtorchinsky@hvjlaw.com
              HOLTZMAN VOGEL JOSEFIAK PLLC
              45 North Hill Drive, Suite 100
              Warrenton, VA 20186
              Telephone: (540) 341-8808
              Facsimile: (540) 341-8809

              Christina M. Martin (*pro hac vice*)
              E-mail: cmm@pacificlegal.org
              Mark Miller (*pro hac vice*)
              E-mail: mm@pacificlegal.org
              PACIFIC LEGAL FOUNDATION
              8645 N. Military Trail, Suite 511
              Palm Beach Gardens, FL 33410
              Telephone: (561) 691-5000
              Facsimile: (561) 691-5006

              *Attorneys for Plaintiff*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on the 31st day of March, 2015, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system. The CM/ECF system has served electronically the following individuals:

    Christopher P. Spera, Esq., VSB No. 27904
    Travis S. MacRae, Esq., VSB No. 78771
    Office of the City Attorney
    301 King Street, Suite 1300
    Alexandria, Virginia 22314
    E-mail: Christopher.Spera@AlexandriaVa.Gov
            Travis.MacRae@AlexandriaVa.Gov

By: /s/
Shawn Toomey Sheehy (VSB No. 82630)
E-mail: ssheehy@hvjlaw.com
Jason Torchinsky (VSB No. 47481)
E-mail: jtorchinsky@hvjlaw.com
HOLTZMAN VOGEL JOSEFIAK PLLC
45 North Hill Drive, Suite 100
Warrenton, VA 20186
Telephone: (540) 341-8808
Facsimile: (540) 341-8809

Christina M. Martin (*pro hac vice*)
E-mail: cmm@pacificlegal.org
Mark Miller (*pro hac vice*)
E-mail: mm@pacificlegal.org
PACIFIC LEGAL FOUNDATION
8645 N. Military Trail, Suite 511
Palm Beach Gardens, FL 33410
Telephone: (561) 691-5000
Facsimile: (561) 691-5006

*Attorneys for Plaintiff*