UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| SCOTT MCLEAN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 1:14-CV-1398 |
| | ) |
| CITY OF ALEXANDRIA, | ) |
| | ) |
| Defendant. | ) |
| | ) |

**CITY OF ALEXANDRIA'S MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

The City of Alexandria ("City") hereby submits its Memorandum in Opposition to the Motion for Summary Judgment filed by the plaintiff Scott McLean. The City has filed a motion to dismiss all claims in this case pursuant to Fed. R. Civ. P. Rule 12(b)(1), which, if granted, would render the plaintiff's motion moot. Moreover, even if the motion must be addressed on its merits, the plaintiff has failed to demonstrate that it is entitled to summary judgment as a matter of law and his motion should be denied.

In the interest of not asking the court to review the same material twice, the City incorporates by reference its argument as set forth in its 12(b)(1) motion. If the court were to grant that motion, the entire case would be rendered moot, including the plaintiff's motion for summary judgment on his nominal damages claim.

Even on its merits, the motion must fail. The plaintiff asserts that the City has not demonstrated that there was a substantial governmental interest in enacting City Code Section

10-4-13(a), which prohibits the display of vehicles for sale within the public right of way in the City of Alexandria.  The plaintiff contends that the City had some obligation to introduce expert evidence or to locate a legislative history from the decades ago enactment of the code section.  The plaintiff further claims that absent these steps, the City has failed to demonstrate that there was a substantial governmental interest in enacting the code section.

This is simply not the case.  The City has identified two witnesses, Transportation Director Yon Lambert and Traffic Division Chief Bob Garbacz, from its Department of Transportation and Environmental Services who have signed interrogatories stating that the code section is designed to advance pedestrian and vehicular safety.  The City tried, but could not locate, any legislative history for this code section, which dates back to the 1950's, if not earlier.  The fact that this legislative history does not exist for this old code section, and the fact that the City, which was in the process at the time this case was filed of reviewing the code section, a process which led to its eventual repeal, did not waste either party's time or money, or the court's time, in retaining expert witnesses on this point, does not change the fact that the City has made it clear why it believes the code section was enacted.  It has identified two subject matter staff who can testify to that understanding.  In this non-jury case, whether those staff are designated as "experts" or not is immaterial.  There has been no surprise to the plaintiff here and the City has not hidden its position regarding the justification of the ordinance.

The plaintiff's motion presumes that every time commercial speech is challenged, a jurisdiction must hire experts and essentially create opinion evidence about the need for the ordinance. Given that the ordinance was already under review at the time this case was filed, this would have been wasteful to both parties. The legal foundation that represents the plaintiff here now tries to take advantage of that for its own financial benefit.

Moreover, the justification for the City forbidding the placement of for-sale automobiles on the public streets for inspection by potential buyers is simply obvious: people may be drawn to stand in the street or to stop their own vehicles near the vehicle for sale for non-traffic purposes. The act of selling a car in a public street invites prospective buyers, either on foot or in their own cars, into the road to examine the car, and common sense supports a ban on such acts. To quote from Judge Roger's dissent in a similar case before the Sixth Circuit in *Pagan v. Fruchey,* 492 F.3d 766, 779, "to require a study, or testimony, or an affidavit, to demonstrate the obvious is to turn law into formalistic legalism. Nothing in Supreme Court precedent requires such a step."

Like Judge Rogers in his dissent, the City believes that the Supreme Court's decision in *Metromedia, Inc. v. City of San Diego,* 453 U.S. 490, 509, 101 S.Ct. 2882 (1981) strongly supports upholding the ordinance without any artificial record evidence requirement. In *Metromedia*, the city's ban on off-site billboard advertising was determined to be constitutional to the extent that it regulated commercial speech. Since the current case deals with what is clearly commercial speech – the effort to sell a vehicle – the rationale in *Metromedia* that the city of San Diego could constitutionally ban commercial speech billboards, is also applicable here. In that case the court, without expert evidence, hesitated "to disagree with the accumulated, *commonsense judgments of local lawmakers* and of the many reviewing courts that billboards are real and substantial hazards to traffic safety." Metromedia, 453 U.S. at 509 (emphasis added).

As Judge Rogers said in his dissenting opinion in *Pagan*, the commonsense judgment of the local lawmakers was compelling. "Exhibiting cars for sale on the public roadway may

interfere with the dedication of such roadways to traffic and its necessary incidents. The ban on placing cars in the roadway for sale undoubtedly directly advances the Village's interest in traffic safety." *Pagan,* 492 F.3d at 781.

The *Metromedia* court found a substantial governmental interest without any record evidence necessary, despite the plaintiffs' assertion that the record was inadequate to support the ban on off-site billboard advertising; *Metromedia*, 453 U.S. at 509 - 511. See also, *Florida Bar v. Went for It, Inc.,* 515 U.S. 618, 628, 115 S.Ct. 2371 (1995) (even in a First Amendment case applying strict scrutiny, restrictions may be justified "based solely on history, consensus, and 'simple common sense.'" citing *Burson v. Freeman,* 504 U.S. 191, 211, 112 S.Ct. 1846 (1992)); *United States v. Edge Broadcasting Co.,* 509 U.S. 418, 428, 113 S.Ct. 2696 (1993) (upholding a ban on radio advertisements of lotteries in states where lotteries were illegal, stating that "Congress plainly made the commonsense judgment that each North Carolina station would have an audience in that State ... and that enforcing the statutory restriction would insulate each station's listeners ... and hence advance the governmental purpose of supporting North Carolina's laws against gambling").

In its motion the plaintiff alleges that City Code Section 10-4-13(a) is broader than necessary. The plaintiff argues that this is the case because "plentiful" alternatives are available to the City to protect pedestrian and vehicular safety. As support, the plaintiff argues that "the City can better protect traffic safety by forbidding cars from stopping and blocking the right of way, or punishing drivers who block traffic to look at signs on cars." These suggestions are inapposite as they are already general traffic laws that are in place within the City, as well as in virtually any other jurisdiction that regulates double-parking. Additionally, these "alternatives" are inadequate because they would only address the symptoms of the problem but would do

nothing to address the underlying cause, namely the placement of the signs in the first place. The plaintiff's arguments are dubious at best, but even so, pursuant to the plaintiff's own citation of *City of Cincinnati v. Discovery Network, Inc.,* 507 U.S. 410, 418 n. 13 (1993), they are merely a "consideration" for the court. Certainly they are not sufficient to justify the entry of an order of summary judgment.

There are also questions of fact regarding the plaintiff and his alleged fear of enforcement under the ordinance. Despite his claims in his supporting affidavit, Mr. McLean's attorneys were aware of the City's dismissal of an earlier citation under the same Code section in September, one month before McLean brought this action. Given this knowledge, it is unclear how fearful Mr. McLean really was of being cited. Moreover, despite the fact that he has had approximately six months to sell his vehicle without fear of citation, given the City's suspension of the ordinance in October of 2014, he has not done so, raising a question of fact as to whether he ever intended to sell the vehicle at all.

This is a case where from even before the filing of the action, it was clear the City was looking at the necessity of the ordinance in the current environment for selling used vehicles. That is clear from the City's October 28, 2014 press release, which is already of record in this case. The plaintiff, or more correctly, the legal foundation that seems to be truly the party in interest in this case, is trying to come up with a "win" apart from the repeal of the ordinance. Clearly the plaintiff is posturing with an eye towards an attorney's fees claim in a case where it was clear from the outset that, regardless of disagreeing over why the ordinance was to be repealed, it was very likely going to be repealed. The court should not reward such conduct.

When this code section was challenged and brought to the attention of senior leadership in September of 2014, the City embarked upon a process independent of Mr. McLean and the

Pacific Legal Foundation that resulted in the repeal of the code section. Mr. McLean and the Pacific Legal Foundation have latched on to this process and now want to claim victory and the spoils thereof.

WHEREFORE, based on the foregoing, the City of Alexandria respectfully requests that the plaintiff's motion for summary judgment be denied and that the plaintiff take nothing.

Respectfully Submitted,

> CITY OF ALEXANDRIA, a municipal corporation of Virginia
> By Counsel
> /s/
> Christopher P. Spera, Esq., VSB No. 27904
> Travis S. MacRae, VSB No. 78771
> Counsel for the Defendant
> City of Alexandria
> Office of the City Attorney
> 301 King Street, Suite 1300
> Alexandria, Virginia  22314
> (O)(703) 746-3750
> (F)(703) 838-4810
> Christopher.Spera@AlexandriaVa.Gov
> Travis.MacRae@AlexandriaVa.Gov

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 13th day of April, 2015, I will electronically file the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

>Jason Torchinsky (Va. Bar No. 47481)
>Shawn Sheehy (Va. Bar No. 82630)
>Holtzman Vogel Josefiak PLLC
>45 North Hill Drive, Suite 100
>Warrenton, VA 20186
>Telephone: (540) 341-8808
>Facsimile: (540) 341-8809
>Email: jtorchinsky@hvjlaw.com
>ssheehy@hvjlaw.com

I HEREBY CERTIFY that on this 13th day of April, 2015, I mailed a copy of this Memorandum in Opposition, first class mail, to:

>Christina Martin
>Pacific Legal Foundation
>8645 N. Military Trail, Suite 511
>Palm Beach Gardens, FL 33410

>/s/
>Christopher P. Spera, Esq., VSB No. 27904
>Travis S. MacRae, Esq., VSB No. 78771
>Co-Counsel for the Defendant City of Alexandria
>Office of the City Attorney
>301 King Street, Suite 1300
>Alexandria, Virginia 22314
>(O)(703) 746-3750
>(F)(703) 838-4810
>Christopher.Spera@AlexandriaVa.Gov
>Travis.MacRae@AlexandriaVa.Gov